Dear Judge Davis:
You have requested an opinion of the Attorney General regarding the payment of legal fees from the Thirty-third Judicial District Court Judicial Expense Fund (Fund). The legal fees, in question, were incurred by a judge in the successful defense of allegations made before the Judicial Commission of Louisiana (Commission).
As you are aware, R.S. 13:5108.1 provides for the indemnification of officers and employees of the State against any claim, demand, suit, complaint or petition seeking damages, filed in any court over the alleged negligence or other act by that state officer or employee, provided that the act complained of takes place while the state officer or employee was engaged in the performance of the duties of his or her office or employment. However, the law does not specifically address the reimbursement of legal fees incurred by state officers or employees in connection with proceedings before the Commission.
In Attorney General Opinion No. 95-242, this office addressed the issue of whether an individual employed by the Department of Wildlife and Fisheries was entitled to the reimbursement of legal fees incurred in proceedings before the Louisiana Ethics Commission. Therein, we concluded that if a public official or employee is exonerated of all allegations under investigation by the Ethics Commission, then the public entity which employs that individual may reimburse its employee for legal expenses incurred in connection with the investigation. In accord is Attorney General Opinion Nos. 94-369 and 94-369 A.
Citing Opinion No. 95-242, this office subsequently concluded in Opinion No. 96-210 that if a public official is found exonerated from all alleged violations in a civil action arising out of his duties of office, the public body may reimburse its official for reasonable attorneys' fees resulting from the defense against such allegations.
Accordingly, it is the opinion of this office that a judge exonerated of allegations investigated by the Commission may be reimbursed legal fees incurred in connection therewith, if the nature of the complaint arose out of his official duties of office. We turn now to the issue of the payment of these legal fees from the Fund.
R.S. 13:996.56 provides, in pertinent part, the following:
 In like manner, the judge may utilize the monies in the judicial expense fund to pay all or any part of the cost of establishing or maintaining a law library for the court or for buying or maintaining any type of equipment, supplies, or other items consistent with or germane to the efficient operation of the court. In general, the judicial expense fund is established and may be used for any purpose connected with, incidental to, or related to the proper administration or function of the court or the offices of the judge, and is in addition to any and all other funds, salaries, expenses, or other monies that are now or hereafter provided, authorized, or established by law for any of the aforesaid purposes. (Emphasis added.)
As noted above, monies in the Fund may be utilized " for any purpose connected with, incidental to, or related to the proper administration or function of the court or the office of the judge ". It is the opinion of this office that the payment of legal fees under the circumstances set forth hereinabove are permissible expenditures from the Fund.
This office has consistently opined that, prior to payment, a determination must be made that: (1) the hourly rate charged by legal counsel is reasonable, (2) the number of hours spent by legal counsel were reasonable and necessary and (3) any costs incurred by counsel were reasonable and necessary. Attorney General Opinion No. 95-242.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/crt
Date Received: April 12, 2001 Date Released: November 14, 2001